Albert J. MINICHELLO, Nicholas Mauriello, on a derivative action on behalf of themselves and on behalf of other stockholders of the First National Bank of Exeter similarly situated, incorrectly described in the summons and complaint as Albert J. Minichello, Nicholas Mauriello, and Ygnatz Yuchnis, Appellants,

v.

William B. CAMP, Comptroller of Currency for the United States of America, First National Bank of Exeter, Wyoming National Bank of Wilkes-Barre, August J. Lippi, Ettore Lippi, John Lippi, John B. Campbell, George Maffei, and Harold Reich.

No. 16669.

United States Court of Appeals Third Circuit.

Argued April 19, 1968.

Decided May 9, 1968.

———◆———

Anthony C. Falvello, Falvello, Ustynoski, Giuliani & Bernstein, Hazelton, Pa. (Joseph J. Ustynoski, Hazelton, Pa., Arthur D. Dalessandro, Wilkes-Barre, Pa., on the brief), for appellants.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for appellees.

Before BIGGS, McLAUGHLIN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

The appellants Minichello and Mauriello appeal from a judgment of the court below entered in favor of all of the appellees. The relevant facts are fully stated in Minichello v. Saxon, 337 F.2d 75 (3 Cir. 1964). Therefore only the following need be set out here. On or about January 29, 1962, a defalcation of approximately $200,000 was discovered at the First National Bank of Exeter. On February 19, 1962, the Comptroller of the Currency, pursuant to Section 203, 12 U.S.C.A., appointed a conservator for the Exeter bank. On February 26, 1962, the Comptroller terminated the conservatorship in order to allow the Board of Directors of the Exeter bank to effect a sale of the assets of the bank. At the same time the Comptroller found that an "emergency" existed at the bank and pursuant to 12 U.S.C.A. § 181 waived the requirement of shareholder approval of the purchase and sale agreement. The sale was subsequently consummated. Minichello and Mauriello as minority shareholders of the Exeter bank brought a shareholders' derivative suit to have the sale set aside and have other relief granted. The court below dismissed the complaint against all of the appellees, the dismissal of the cause against the Comptroller being on the ground that the Comptroller's action was not judicially reviewable. This court reversed that judgment and remanded the suit to the court below with directions to reinstate the complaint as to all the appellees. Minichello v. Saxon, 337 F.2d 75 (1964), cert. denied, 380 U.S. 952, 85 S.Ct. 1084, 13 L.Ed.2d 969 (1965). As noted, the court below, upon remand, after hearing, entered judgment in favor of the appellees.

The primary issue before the court below and before this court on the present appeal is whether the Comptroller could have reasonably found that an "emergency" existed at the Exeter bank on February 26, 1962 which would justify his waiving shareholder approval of the sale of the assets of the bank. An examination of the record demonstrates that there was ample evidence to support the conclusion of the court below that the Comptroller could have reasonably found that an emergency existed at the time stated. Other issues raised by the appellants were either disposed of in our original decision in this case or do not require discussion.

The judgment will be affirmed.